IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00631-BSJ

IN RE:

M. JULIA HOOK,
DAVID L. SMITH,

    Debtors.

DAVID L. SMITH,

    Plaintiff/Appellant,

v.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO,

    Defendant/Appellee.

---

## [~~PROPOSED~~] ORDER

---

This matter is before the Court on Plaintiff/Appellant David L. Smith's appeal from an order of the United States Bankruptcy Court dismissing Mr. Smith's adversarial complaint. For the reasons set forth below, the order of the Bankruptcy Court is AFFIRMED.

### FACTUAL BACKGROUND

Plaintiff, a lawyer who was disbarred by the U.S. District Court in 1996, originally brought this action against the U.S. Bankruptcy Court seeking injunctive relief. (Bankr.

Doc. 1.)[1] His complaint sought to have the Bankruptcy Court compel the U.S. District Court to reinstate his admission to this Court's bar. (*Id.*)

In the Bankruptcy Court, Defendant filed a motion to dismiss, raising the following arguments: (1) the U.S. District Court had not been properly served; (2) the Bankruptcy Court had no jurisdiction over the case because it neither involved nor was related to any claims under the Bankruptcy Code; (3) the doctrine of sovereign immunity barred Plaintiff's suit; and (4) Plaintiff had not shown that the Bankruptcy Court had the authority to grant the relief he sought. (Bankr. Doc. 8.) Defendant's motion sought dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (5) and (6). (*Id.*)

On March 2, 2007, the Bankruptcy Court granted Defendant's motion to dismiss. (Bankr. Doc. 12.) Specifically, the court held that it lacked jurisdiction over Plaintiff's adversarial complaint. (*Id.*) The court found that Plaintiff's "right to practice law" was not a property right and stated it was "doubtful that even a license to practice law is a property right." (*Id.* at 3.) The court also held: "to the extent the Debtor asks this Court to review a final decision of the District Court which entered over ten years ago, and which related to its authority and power to regulate the bar which practices before it, that

---

[1]"Bankr. Doc." refers to a docket entry number from the Bankruptcy Court, whereas "Doc." refers to a docket entry number in this Court. All of the documents from the Bankruptcy Court docket sheet were designated as part of the record on appeal by Plaintiff/Appellant. (Doc. 7.)

2

is not the purview of this Court." (*Id.* (footnote omitted).)

Plaintiff filed a Motion to Alter or Amend Order Granting Defendant's Motion to Dismiss on March 9, 2007. (Bankr. Doc. 14.) That motion was denied on March 19, 2007, on the grounds that "[t]he Motion argue[d] nothing new to this Court that was not available or considered at the time it entered its Order Granting Defendant's Motion to Dismiss." (Bankr. Doc. 15.)

On March 29, 2007, Plaintiff filed a notice of appeal and elected to have his appeal heard by this Court as opposed to the U.S. Bankruptcy Appellate Panel for the Tenth Circuit. (Bankr. Doc. 18; Doc. 2.) The appeal was fully briefed. (Docs. 11, 12, 13.) This Court held oral argument in this appeal on June 19, 2008.

Since the conclusion of the briefing, Plaintiff filed a number of motions with this Court. Two remained pending as of the time of oral argument: (1) a "Motion to Stay Disbarment Order Pending Appeal and Request for Oral Argument", which sought to stay a 1996 order of this Court (Doc. 17 [~~16~~]), and a (2) "Motion for Reinstatement to the District of Colorado Bar and to Dismiss Appeal as Moot" (Doc. 36).

### ANALYSIS

### I. THE BANKRUPTCY COURT PROPERLY DISMISSED PLAINTIFF'S ADVERSARIAL COMPLAINT.

The Bankruptcy Court properly concluded that it lacked the authority to grant the relief sought in the Complaint. The U.S. District Court has promulgated rules governing admission to the District Court's Bar. D.C. Colo. L. R. 83.3, 83.5. The District Court,

3

and not the Bankruptcy Court, has the authority to regulate the admission of attorneys to the District Court's bar, as well as to oversee and discipline the attorneys admitted to that bar. The Bankruptcy Court, as an adjunct of the District Court, has no authority either to admit attorneys to or disbar attorneys from the District Court's bar.

Further, the Bankruptcy Court correctly concluded it lacked jurisdiction over Plaintiff/Appellant's claims. The jurisdiction of the U.S. Bankruptcy Courts is an *in rem* jurisdiction over the property of the bankruptcy estate. Property of the bankruptcy estate is defined by 11 U.S.C. § 541, and that definition does not encompass Plaintiff/Appellant's right or license to practice law in federal court. His ability to practice law simply is not property as defined by the bankruptcy code. *See In re Lynn*, 18 B.R. 501, 502 (Bankr. Conn. 1982) ("the debtor's medical degree and license are not property for the purposes of bankruptcy law"). It cannot be valued by the Court or creditors. It cannot be liquidated, sold, or transferred. It cannot be awarded to a creditor. *See id.* at 503 (medical degree and license "are not susceptible to conversion into money for distribution to creditors"). It simply is not a property interest within the meaning of 11 U.S.C. § 541, as the Bankruptcy Court correctly concluded here, and thus is not part of the bankruptcy estate. *See In re Wade,* 115 B.R. 222, 228 (9th Cir. B.A.P. 1990) (finding automatic bankruptcy stay not applicable to disciplinary proceeding by state bar because "[a] nontransferable professional license, such as the one at issue in this case, is not a property interest" (citations omitted)), *aff'd*, 948 F.2d 1122 (9th Cir. 1991); *see also In re Braniff*

*Airways, Inc.*, 700 F.2d 935, 942 (5th Cir. 1983) (landing slots granted by FAA to debtor are not property and thus not subject to bankruptcy court's jurisdiction); *In re D.H. Overmyer Telecasting Co.*, 35 B.R. 400, 403 (Bankr. N.D. Ohio 1983) (FCC license is not "property of the estate" and thus is not subject to automatic stay); *cf. In re Marriage of Olar*, 747 P.2d 676, 680 (Colo. 1987) (educational degree is not a part of marital assets); *In re Wisner*, 631 P.2d 115, 121 (Ariz. App. 1981) (same; citing cases).

Plaintiff/Appellant claims that the Bankruptcy Court also had jurisdiction pursuant to 28 U.S.C. §§ 157, 1331, and 1343. None of these statutes conferred jurisdiction upon the Bankruptcy Court.

Section 157 is the statutory provision allowing the district courts to refer cases arising under title 11 to the bankruptcy court of that district. 28 U.S.C. § 157(a). The statute allows bankruptcy judges to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section." *Id.* § 157(b). Plaintiff/Appellant's Complaint did not bring–and did not even purport to bring–a case under title 11. In fact, title 11 was not mentioned anywhere in the Complaint. The Complaint similarly did not bring, and did not purport to bring, an action that could be considered to be a "core proceeding" related to his title 11 case. In fact, the Complaint against the U.S. District Court stated that this is a "non-core proceeding." (Bankr. Doc. 1, ¶ 2.)

The Bankruptcy Court may exercise jurisdiction over a non-core proceeding only if

it "is otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1). Although Plaintiff is involved in a Chapter 11 proceeding before the Bankruptcy Court and purported to bring this adversarial proceeding in connection with that case, his Complaint did not even make an allegation that it was "otherwise related" to his Chapter 11 proceeding. Plaintiff's disbarment took place in 1996–ten years before the Chapter 11 proceeding. (Bankr. Doc. 1, ¶ 3.) Plaintiff/Appellant's involvement in a Chapter 11 case does not permit him to seek unrelated relief against a non-party that is not involved in his Chapter 11 case. *See In re Gardner*, 913 F.2d 1515, 1519 (10th Cir. 1990) (dispute between two creditors regarding property no longer a part of the bankruptcy estate is not "otherwise related" to bankruptcy case).

Similarly, neither 28 U.S.C. § 1331–which is the statute providing federal question jurisdiction to the U.S. <u>District</u> Courts, not the U.S. Bankruptcy Courts–nor 28 U.S.C. § 1343–which is the statute providing jurisdiction over civil rights cases to the U.S. <u>District</u> Courts, not the U.S. Bankruptcy Courts–conferred jurisdiction on the Bankruptcy Court. Finally, Plaintiff also asserted jurisdiction under 28 U.S.C. § 1334, but that provision only applies to cases arising under title 11, which, as explained above, is not applicable. For the reasons set forth above, the Bankruptcy Court's order is affirmed.

## II. PLAINTIFF'S PENDING MOTIONS

As noted above, two motions filed by Plaintiff remained pending at the time of oral argument. After Plaintiff was readmitted to the bar of the U.S. Court of Appeals for

6

the Tenth Circuit on May 4, 2007, he filed a Motion to Stay Defendant's 1996 order disbarring him pending the resolution of this appeal. (Doc. 17.) This motion is denied. Plaintiff has set forth no basis to stay a 12-year-old order from this Court. Further, because Plaintiff's appeal is now resolved, the motion is moot.

Plaintiff's other remaining motion seeks to have him reinstated to the District Court's bar. (Doc. 36.) As explained above, this case is on appeal from an order of the Bankruptcy Court, where Plaintiff elected to file his Complaint. The Bankruptcy Court properly held that it had neither the authority nor the jurisdiction to grant Plaintiff the relief he sought, which was reinstatement. Plaintiff's appeal has now been resolved and the order below has been affirmed, and thus there is no basis upon to grant the relief sought in this motion. Therefore, Plaintiff's motion is denied.

## CONCLUSION

For the reasons set forth above, the order of the Bankruptcy Court dismissing Plaintiff's adversarial Complaint is AFFIRMED. Plaintiff's Motion to Stay Disbarment Order Pending Appeal and Request for Oral Argument (**Doc. 17**) and Motion for Reinstatement to the District of Colorado Bar and to Dismiss Appeal as Moot (**Doc. 36**) are DENIED.

DATED this 25th day of July, 2008.

Bruce S. Jenkins
United States District Court Judge

7